IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.  4:09-CR-00278-02-BRW
  4:13-CV-00692-BRW

SILAS ROYNEL SWIFT

## ORDER

Pending is Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. No. 355).

### I. BACKGROUND

A jury found Petitioner guilty of conspiring to possess with intent to distribute more than 500 grams of methamphetamine and possessing with intent to distribute between 50 and 500 grams of methamphetamine.[1] On November 29, 2011, Petitioner was sentenced to 176 months in prison, followed by 5 years supervised release.[2] The Eighth Circuit affirmed Petitioner's conviction on August 23, 2012.[3] On December 2, 2013, Petitioner filed the pending § 2255 habeas petition, alleging ineffective assistance of counsel.

### II. DISCUSSION -- Ineffective Assistance of Counsel

Petitioner alleges that his counsel was ineffective because early on the Prosecution offered Petitioner a plea agreement for 7.5 years if he cooperated with the Prosecution, and Petitioner rejected the offer. According to Petitioner, his counsel advised him that this was a "bad deal," but advised he would attempt to get a better deal. Petitioner also contends that counsel never explained to him why it was a bad deal. Leading up to trial and just before trial, Petitioner asked counsel if he

---

[1] Doc. No. 269.

[2] Doc. No. 303.

[3] Doc. No. 335.

1

thought "it would be better for [him] to take a plea deal and plead guilty."[4]  However, by that point, "the prosecutor was not interested" so Petitioner went to trial.

To prevail on his ineffective assistance of counsel claim, Petitioner must show both deficient performance and prejudice.  So, Petitioner must demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that it is reasonably probable that, "but for counsel's unprofessional errors, the result of the proceedings would have been different."[5]

 "To establish prejudice . . . [Petitioner] must show that, but for his counsel's advice, he would have accepted the plea.  To command an evidentiary hearing, the movant must present some credible, non-conclusory evidence that he would have pled guilty had he been properly advised."[6]  Petitioner's argues:

> I believe that if Mr. Austin Porter, Jr. had explained to me why it was a "bad deal," or at least attempted to explain why it was a "bad deal," I likely would have pled guilty with that plea agreement.[7]

Whether counsel told Petitioner that the plea offer was a "bad deal" and whether that advice amounts to ineffective assistance is irrelevant here.  The record establishes that Petitioner refused the Prosecution's plea offer, not because of counsel's advice, but because he did not want to cooperate with the government.  During allocution, Petitioner stated, "Like I said, I was shot during the time I was out on pretrial release, and sometimes I feel like maybe if I would have testified on people, maybe I wouldn't have been shot.  I just decided to just keep my mouth shut because of my little girl."[8]  The fact that Petitioner's decision was based on his refusal to

---

[4] Doc. No. 356.

[5] *Wilson v. Armontrout*, 962 F.2d 817, 819 (8th Cir. 1992) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

[6] *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

[7] Doc. No. 350.

[8] Doc. No. 353.

cooperate, rather than counsel's advice, is further supported by counsel's August 21, 2012, letter which reads: "You did not want to cooperate with the government, and you rejected the deal."[9] Petitioner has neither refuted nor provided evidence that his decision to reject the plea offer was based on anything other than his desire to not cooperate with the government. Accordingly, Petitioner has not established that he would have taken the plea, at the time it was offered, if he'd received better advice from his counsel.

To the extent that Petitioner is arguing that counsel was inefficient for failing to get a better deal or to get the Prosecution to again offer the original deal on the eve of trial, the claim is without merit. It was entirely within the prosecutor's discretion as to whether she wanted to offer a plea bargain after Petitioner rejected the earlier offer.[10] Counsel's inability to get the prosecutor to provide a new plea offer does not amount to ineffective assistance.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 355) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED this 11th day of December, 2013.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[9] Doc. No. 356.

[10] *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial."); *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) ("There is no constitutional right to plea bargain.") (citations and internal quotation marks omitted).