**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.                    NO. 4:09CR00278-02-BRW**

**SILAS ROYNEL SWIFT**

## ORDER

Pending is Defendant's Motion for Reconsideration (Doc. No. 404).

On November 29, 2011, Defendant was sentenced to 176 months in prison.[1] He had a total offense level of 36, criminal history category of I, and a guideline range of 188-235 months. He was sentenced below the guideline range because of a variance by the Court.

On November 5, 2014, Defendant's sentence was reduced to 151 months based on Amendment 782. His new total offense level was 34, which resulted in a guideline range of 151-188 months. Defendant argues that his new sentence should have been 139 months. I disagree.

Section 1B1.10(b)(2)(A) of the guideline manual reads:

> Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.[2]

The exception mentioned in subdivision (B) is for substantial assistance, which is not applicable here. Since Defendant's original sentence was below the guideline range because of a variance, the guidelines preclude the Court from going below the bottom end of the new guideline range.

Accordingly, Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED this 25th day of November, 2014.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] Doc. Nos. 298, 303.

[2] U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 (2014).